Filed 10/25/24  In re Arthur B. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re ARTHUR B. et al., Persons Coming Under the Juvenile Court Law. _____ LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>A.B.,<br><br>        Defendant and Appellant;<br><br>M.P.,<br><br>        Defendant and Respondent. | B331780<br><br>Los Angeles County Superior Court No. 22LJJP00521A-B |

APPEAL from orders of the Superior Court of Los Angeles County, Debra L. Gonzales, Judge.  Affirmed.

Liana Serobian, under appointment by the Court of Appeal,

for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Ernesto Paz Rey, under appointment by the Court of Appeal, for Defendant and Respondent.

_____

A father challenges custody and visitation orders that fell within the juvenile court's broad discretion.  We affirm.

The November 2022 dependency petition had allegations against the father and mother of two teenage boys, then ages 17 and 14.  (The older son is now 19.)  The petition claimed the father was physically violent with the mother in the children's presence and had unresolved substance abuse issues, while the mother failed to protect her children from the father.

In December 2022, the juvenile court detained the children from the father, released them to the mother, and ordered counseling for the minors.  By then, the father had been charged with spousal battery and was subject to a criminal protective order.

The investigation by the Los Angeles County Department of Children and Family Services uncovered acts of violence by the father.  The episode giving rise to this case involved the father pinning the mother against a wall, punching and pinching her, and threatening to kill her at a family event.  The older son tried to intervene.  Both sons and the mother were crying.  Police arrested the father, who was intoxicated.

The children reported the father was consistently drunk and controlled the mother.  In the past, he kicked, cursed, pinched, and slapped the mother, was aggressive with her, and "put his hands" on her.  The older son would try to intervene.

2

The father also yelled and cussed at the children. The mother and the younger son feared the father.

The father acknowledged abusing alcohol and violating the restraining order against him but denied hitting the mother.

In an earlier dependency case from 2012, the father had "brandished a rifle at the mother." That case similarly centered on the father's alcohol abuse and domestic violence.

At the joint jurisdiction and disposition hearing in February 2023, the father entered a no contest plea on the amended petition. The court found the amended failure to protect allegations against him to be true. The court maintained the children with the mother, allowed monitored visits for the father, and entered a stay away order protecting the mother from the father. The court further ordered family maintenance services for the mother, counseling for the children, and enhancement services for the father. The father's case plan included a full substance program with random testing, a 12-step addiction program, and a 52-week domestic violence program.

Over the review period, the mother engaged in services, and the children were thriving in her care. They had completed an intake and were on the waitlist for counseling but had had no sessions. The father participated in some services but reported he had completed only three sessions of his 52-week domestic violence program because he became unemployed and was discharged from the program.

As for visitation, the children declined visiting with their father, so there were no in-person visits with him. Although they were open to telephone calls, the father called sporadically. Meanwhile, the father's criminal attorney pressured the mother to allow family contact.

Before the review hearing, the Department recommended terminating jurisdiction with joint legal custody and sole physical custody to the mother.

At the August 2023 review hearing, the father agreed with closing the case and sought joint legal custody and "three by three" visitation. The mother sought sole legal custody and less visitation. Her counsel argued the father apparently had not engaged in any domestic violence services in this domestic violence case, a permanent restraining order existed between the parents, and the father had "not really visited" his kids during the case. The children's attorney did not object to "sole legal to mother," underscored the children's advanced ages (the older son was turning 18 in two weeks), and voiced that the children "don't want visits at this time" and "do not wish for liberalized visits with Father."

Citing the domestic violence and the father's lack of participation in programs, the court awarded the mother sole legal and physical custody. The court granted the father one monitored visit of nine hours per month and one phone call per week, plus additional visits upon which the parents agreed, taking into consideration the children's wishes. The court noted this visitation was what the father "has actually been doing" and the children did not want any contact with him. The court later terminated jurisdiction.

On appeal, the father argues the juvenile court abused its discretion in making the legal custody and visitation rulings. He maintains the orders were not in his children's best interests because he had raised his children "to almost majority," he was a necessary "check and balance," the orders contradicted the

4

Department's recommendation, and they potentially would have "epic consequences" like erasing him from his children's lives.

The court's rulings were proper. There was no abuse of discretion. (See *In re J.M.* (2023) 89 Cal.App.5th 95, 112–113 [abuse of discretion standard governs review of custody and visitation orders]; see also Welf. & Inst. Code, § 362.4, subd. (a) [permitting custody and visitation orders in termination proceedings].)

In a case that centered on the father's violence, the father completed less than a handful of classes in the court-ordered, year-long domestic violence program. Contrary to the father's arguments, it was rational to view the father's failure to progress in this program as connected to his ability to make important decisions about the children jointly with the mother, given this family's history.

There also were red flags regarding the father's substance use. The father notes he immediately got treatment after relapsing into alcohol abuse and took other protective steps. Yet in 2023, he mostly did not test: he had 11 "no shows" from January to July 2023, and he did not participate in the court-ordered 12-step program.

The father's failure to follow through on services and with the Department, and his failure to reach out to his children over the review period when their relationship grew estranged, suggests the father had not gained necessary insight. Even on appeal, he blames the Department for alienating him from his kids and for failing to enroll them in therapy.

The children were vocal about not wanting to visit with their father. He was "toxic." They were "thriving" without him in their lives. The record also signals the delay in therapy was

attributable to the unavailability of these services, not lack of diligence by the mother or the Department.

In short, the evidence foreshadowed problems with forcing additional visitation and shared decisions by the parents regarding the children's welfare. (See Fam. Code, § 3003 [defining joint legal custody].)

Further, it appears we would have some difficulty fashioning any effective relief regarding the 19-year-old's visitation with his father. He is now an adult and can make any decisions he would like regarding when and how to visit his father. Nonetheless, as the parties have not raised this issue, we find the court did not abuse its discretion.

In passing, the father asserts the juvenile court's order "was made in excess of [its] jurisdiction . . . ." But he does not explain how this is so and therefore has forfeited the argument.

The juvenile court did not abuse its discretion in deciding that limited visitation and sole legal custody for the mother were in the children's best interests. The Department's recommendation was not binding. The court's rulings appropriately considered the totality of the circumstances and fell within the court's broad discretion. (See *In re J.M.*, *supra*, 89 Cal.App.5th at pp. 112–113 [when terminating jurisdiction, juvenile courts have broad discretion to make custody and visitation orders and must consider the totality of the circumstances in issuing orders in the children's best interests].)

///

///

///

///

///

6

**DISPOSITION**

We affirm the challenged custody and visitation orders.


WILEY, J.


We concur:



STRATTON, P. J.



VIRAMONTES, J.


7